IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In re: <br><br> SUNSOUTH BANCSHARES, INC., <br><br> Debtor and Debtor-in-Possession. | Case No. 17-10371 <br><br> Chapter 11 |

**DEBTOR'S CHAPTER 11 CASE MANAGEMENT SUMMARY**

SunSouth Bancshares, Inc. (the "Debtor" or "SunSouth"), by counsel, hereby files its Case Management Summary and states as follows:

**I.  Description of the Debtors' Business**

The Debtor is a bank holding company whose business is conducted by its wholly owned subsidiary, SunSouth Bank ("SunSouth Bank" or the "Bank"). SunSouth Bank is a commercial bank located in Dothan, Houston County, Alabama. SunSouth Bank established its early roots in the soil of rural Clio, Alabama, in 1954 as The Peoples Bank, a small family-owned bank serving the financial needs of the farmers and merchants of the community. To enhance growth, the charter was moved to Dothan, Alabama in 2002, and the name was changed to SunSouth Bank.

As a bank holding company, the Debtor is required to serve as a source of managerial and financial strength for SunSouth Bank and oversee its policies and financial resources. The Debtor is subject to oversight and regulation by the Board of Governors of the Federal Reserve System and, in certain instances, various federal and state banking authorities. SunSouth Bank is also subject to extensive regulation, examination, and supervision by the FDIC as its primary federal regulator and, at the state level, by the Alabama State Banking Department.

SunSouth Bank has approximately 31 employees. SunSouth Bank provides full-service banking out of its home office in Dothan, Alabama and a second branch location in Clio,

Page 1 of 8

Error,

Case 17-10371    Doc 13    Filed 02/17/17    Entered 02/17/17 17:43:29    Desc Main
Document    Page 1 of 8

Alabama. The Bank specializes in commercial and industrial lending but also offers checking, savings, money market accounts, mortgages, home equity and other consumer loans, credit cards, and related consumer financial services. The Bank also provides banking services to businesses, including checking accounts, lines of credit, secured loans and commercial real estate loans. SunSouth Bank's branches serve as the primary vehicle through which it offers products, cross sells additional products to existing customers, and generates new customer relationships. In addition to its branch network, the Bank provides products and services through its online banking system.

## II. Locations of the Debtor's Operations and whether Leased or Owned

The Debtor operates primarily out of offices next to SunSouth Bank's main office in Dothan, Alabama. However, in its oversight and advisory capacities, the Debtor is required to monitor the activities of SunSouth Bank at its branch locations in Dothan and Clio, Alabama. The Debtor neither owns the SunSouth Bank offices nor leases space from SunSouth Bank in these offices.

## III. Overview of the Debtor's Assets and Liabilities

a) **The Debtor's Assets**.

The following chart describes and summarizes the Debtor's assets, any encumbrances thereon, and the Debtor's estimated value.

| Asset | Description/Liens | Estimated Value |
|---|---|---|
| Cash on Hand | FNBB holds a first priority lien in all assets of the Debtor. | $810.50 |
| 100% of the Issued and Outstanding Capital Stock of SunSouth Bank | FNBB holds a first priority lien in all assets of the Debtor. The Debtor pledged 100% of the Bank Stock to FNBB. | $2,283,000.00 |
| 93 shares of common stock in Trust I | FNBB holds a first priority lien in all assets of the Debtor. | $0.00 |
| 155 shares of common stock in Trust II | FNBB holds a first priority lien in all assets of the Debtor. | $0.00 |

The Debtor's principal asset is its ownership of 100% of the issued and outstanding common stock of SunSouth Bank (the "Bank Stock"). The Debtor has recently obtained an appraisal of the Bank Stock reflecting that, as of December 31, 2016, the Bank Stock had a fair market value of $2,283,000.

The Debtor's only other assets are 100% of the common stock of SunSouth Bancshares Capital Trust I ("Trust I") and SunSouth Bancshares Capital Trust II ("Trust II," and together with Trust I, the "Trusts"), two Delaware statutory trusts that were established for the sole purpose of issuing capital securities (the "Trust Preferred Securities" or "TruPS") in order to raise capital for SunSouth Bank. The issuance of such Trust Preferred Securities is a common financing mechanism in the banking industry. The Debtor formed the Trusts, acquired the common stock in the Trusts, and issued subordinated debentures to the Trusts. The subordinated debentures issued by the Debtor are the sole assets of the Trusts. The Trusts, in turn, issued Trust Preferred Securities mirroring the economic terms of the subordinated debentures to various investors, with the Debtor guaranteeing the obligations of the Trusts with respect to the Trust Preferred Securities. The Debtor used the proceeds of the subordinated debentures to invest capital in SunSouth Bank. Under the proposed capital structure, it was contemplated that SunSouth Bank then in turn would make dividend payments to the Debtor, enabling it to service the obligations under the notes. As is typical for these securities, the Debtor and the Trusts have the option to defer all interest due under the subordinated debentures until maturity under certain circumstances. During any such deferral period, distributions on the Trust Preferred Securities would also be deferred. As a result of the inability of the Debtor to service its obligations to the Trusts under the subordinated debentures and its guarantee of the Trusts' obligations to the

Error,

Case 17-10371    Doc 13    Filed 02/17/17    Entered 02/17/17 17:43:29    Desc Main
Document    Page 3 of 8

holders of the Trust Preferred Securities, the Debtor believes that the common stock it owns in the Trusts is worthless.

      **b)**      **The Debtor's Liabilities.**

      **i)**      **Priority Creditors**.

As of the Petition Date, the Debtor owes the Alabama Department of Revenue $7,566.05. The Debtor is not aware of any other priority creditors.

      **ii)**      **Secured Creditors.**

As of February 15, 2017, the Debtor is indebted to First National Bankers Bank f/k/a Alabama Bankers Bank ("FNBB") pursuant to a Business Loan Agreement dated as of July 31, 2008 in the amount of $2,451,345.11, comprising a principal balance of $2,000,000.00 and accrued interest of $381,180.26, which interest continues to accrue at variable default rate of prime plus 1.75% (which is presently 5.5% and results in a per diem increase in the balance due of $305.56), together with $70,164.85 in amounts due to FNBB for its costs of collection, including reasonable attorney's fees (collectively, the "FNBB Claim"). The FNBB Claim is secured by a first-priority lien and pledge of all assets of the Debtor, including but not limited to 100% of the issued and outstanding Bank Stock.

      **iii)**      **Unsecured Creditors.**

The Debtor estimates its general unsecured claims are negligible, as the Debtor conducts its business operations through SunSouth Bank.

      **iv)**      **Subordinated TruPS Claims.**

As of December 31, 2016, the Debtor had outstanding principal indebtedness in the amount of $3,093,000 and accrued and unpaid interest attributable to the debentures issued to Trust I in the amount of $746,930 (the "TruPS I Debenture"). As of December 31, 2016, the

Debtor had outstanding principal indebtedness in the amount of $5,155,000 and accrued and unpaid interest attributable to the debentures issued to Trust II in the amount of $743,321 (the "TruPS II Debenture"). In sum, the Debtor had outstanding principal indebtedness totaling $8,248,000 attributable to the Junior Subordinated Debentures underlying the Trust Preferred Securities for the Trusts, and accrued and unpaid interest of approximately $1,490,251 in connection with the same (the "TruPS Claim").

In connection with the issuance of the junior subordinated debt securities, the Debtor guaranteed the obligations of the Trusts to their respective trust beneficiaries, including the distributions with respect to the Trust Preferred Securities (to the extent not paid by the Trusts) and any costs, expenses, or liabilities (with the exception of tax obligations) of the Trusts to the trust beneficiaries. The Debtor believes the liability associated with the Guarantee Claims is co-extensive with the TruPS Claims because the terms of the TruPS I Debenture and TruPS II Debenture mirror the economic terms of the Trust Preferred Securities in which the trust beneficiaries have an interest and the Debtor is not aware of any obligations of the Trusts other than the obligations to the holders of Trust Preferred Securities

### IV. Reasons for Filing Chapter 11

In May and September 2013, the Debtor and the Bank entered into a series of consent orders with the FDIC, the Alabama State Banking Department, and the Federal Reserve Bank of Atlanta (collectively, the "Consent Orders"). The terms of the three Consent Orders are similar. Under the terms of the Consent Orders, without prior regulatory approval, the Debtor is prohibited from (i) declaring or paying any dividends, (ii) directly or indirectly taking dividends or any other form of payment representing a reduction in capital from the Bank, (iii) making

distributions to the Trusts on account of the subordinated debentures or Trust Preferred Securities, and (iv) purchasing or redeeming shares of its stock.

Since the entry of the Consent Orders, the Debtor and SunSouth Bank have been diligently pursuing alternative solutions to meet the required capital ratios and otherwise satisfy the obligations of the Consent Orders. These alternatives have included raising outside capital with the assistance of the Debtor's legal and financial advisors. The Debtor has also focused its efforts on improving the overall financial performance and efficiency of the Bank. The failure to meet those requirements could result in the regulators taking additional actions against the Debtor or the Bank. Absent conformance to the terms of the Consent Orders, the Debtor and SunSouth Bank are prohibited from making any payment of subordinated debt principal or interest without regulatory approval.

Unfortunately, because of the existing debt structure of the Debtor, it has been unable to attract sufficient new capital to act as a source of financial strength for the Bank and to enhance the Bank's regulatory capital ratios in accordance with the Consent Orders. In essence, with the existing obligations to the Trusts and the TruPS, the Debtor cannot borrow any additional monies or obtain any equity investments, thereby putting the Debtor and the Bank at risk of further actions by their regulators. The Debtor's and the Bank's regulators have all approved of the Debtor filing this chapter 11 case to restructure its liabilities, in order to be able to act as a source of financial strength for the Bank and otherwise meet its obligations under the Consent Orders, including enhancing the Bank's regulatory capital ratios.

**V.     Strategic Objectives**

Through bankruptcy, the Debtor seeks to restructure its obligations to FNBB and the holders of the TruPS Claims. The Debtor has recently been successful in attracting interest in a $1.25 million capital raise from potential new and existing investors in the Debtor (the "New

Investment") subject to a restructuring of the Debtor's liabilities.  The New Investment will permit the Bank to service the restructured debt obligations and begin the process of enhancing the Bank's capital ratios, which will aid the Debtor in serving as a source of financial strength for the Bank and in addressing the regulatory challenges they face.

    Respectfully submitted on this the 17th day of February, 2017.

MEMORY & DAY

By: /s/ Von G. Memory
    Von G. Memory
    ASB-8137-071V

    Attorney for SunSouth
    Bancshares, Inc.

MEMORY & DAY
Post Office Box 4054
Montgomery, Alabama 36103-4054
Tel (334) 834-8000
Fax (334) 834-8001
Email  vgm@memorylegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2017, I have served a copy of the foregoing document on the following, by:

☐ placing same in the United States Mail, postage prepaid, and properly addressed

☒ E-mail (AlaFile) or ECF (Pursuant to Fed. R. Bankr. P. 9036)

☐ facsimile

☐ hand delivery

☐ delivered in open court

U.S. Bankruptcy Administrator
Federal Building and United States Courthouse
One Church Street, Suite 103
Montgomery, AL 36104

/s/ Von G. Memory
Von G. Memory